Argued and submitted November 16, 1988, affirmed March 22, 1989

In the Matter of the Compensation of
the Beneficiaries of Rockne Luckman,
Deceased, Claimant.

QUADEL INDUSTRIES et al,
*Petitioners,*

*v.*

LUCKMAN,
*Respondent.*

(WCB 85-12369, 86-04809; CA A48103)

770 P2d 928

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Martin J. McKeown, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

SAIF seeks review of an order of the Workers' Compensation Board determining that claimant's deceased husband, Luckman, was a subject worker under ORS 656.039(4) and that she is, therefore, entitled to workers' compensation death benefits.

The facts are not in dispute. Luckman was employed by Quadel Industries, which had workers' compensation coverage through SAIF. He owned more than 10 percent of the outstanding shares of stock in the corporation and was also an officer and director; therefore, he would not ordinarily have been considered a subject worker, ORS 656.027(9), unless Quadel elected to provide coverage. ORS 656.039(4). He was killed on the job in August, 1985.

Quadel's office manager completed an application for workers' compensation insurance in March, 1984, but it did not elect coverage for corporate officers. The application form contained language stating that it did not include elective coverage for corporate officers who were also directors and had at least 10 percent ownership in the corporation. Following its acceptance of the application, SAIF sent a letter to Quadel notifying it that the application did not provide coverage for corporate officers and advising Quadel to contact SAIF if it desired such coverage. Later, in May, 1984, SAIF sent another letter to Quadel, specifically advising it that it had no coverage for Luckman and was not to consider his wages in calculating premiums. Despite both notices, Quadel's office manager believed that corporate officers were covered by the policy, and he calculated and sent in premiums based on their wages as if they were covered. SAIF accepted them.

Luckman filed a claim for an eye injury in March, 1985. In the portion of the 801 form to be filled out by the employer, Quadel noted that Luckman was a corporate officer and that the injury happened during the course of his employment and left blank the space for indicating whether the employer doubted the validity of the claim and, if so, the reason for doubting. Quadel's authorized representative signed the employer's portion of the form on its behalf. SAIF accepted the claim, but paid no benefits, because the injury was non-disabling. On August 28, 1985, Luckman was killed on the job. SAIF denied claimant's claim for death benefits on

the ground that Quadel had not elected to provide coverage for its officers.

■　The Board determined that the 801 form filed at the time of the March, 1985, eye injury provided written notice to SAIF of Quadel's election of coverage and that, pursuant to ORS 656.039(4), SAIF was required to provide coverage. That subsection provides:

> "Notwithstanding any other provision of this section, a person or employer not subject to this chapter who elects to become covered may apply to a guaranty contract insurer for coverage. An insurer other than the State Accident Insurance Fund Corporation may provide such coverage. However, the State Accident Insurance Fund Corporation shall accept any written notice filed and provide coverage as provided in this section if all subject workers of the employer will be insured with the State Accident Insurance Fund Corporation * * *."

We disagree with the Board's understanding that ORS 656.039(4) covers this situation. Its application is limited to "a person or employer not subject to" chapter 656 who elects to become covered. Quadel is subject to chapter 656, so the subsection does not apply to it. Luckman, as an officer of Quadel, was not a subject worker as defined by the act, ORS 656.027(9), and was not in a position to elect coverage for himself. That was the choice and responsibility of his employer. ORS 656.039(1). Quadel, as Luckman's employer, could have elected coverage for him, but, because Quadel is an employer subject to ORS chapter 656, that election would not be pursuant to ORS 656.039(4); it would be pursuant to ORS 656.039(1).[1]

■　ORS 656.419[2] governs contracts for workers'

---

[1] ORS 656.039(1) provides:

"(1) An employer of one or more persons defined as nonsubject workers or not defined as subject workers may elect to make them subject workers. If the employer is or becomes a carrier-insured employer, the election shall be made by filing *written notice* thereof with the insurer with a copy to the director. The effective date of coverage is governed by ORS 656.419(3). If the employer is or becomes a self-insured employer, the election shall be made by filing written notice thereof with the director, the effective date of coverage to be the date specified in the notice." (Emphasis supplied.)

[2] ORS 656.419 provides, in part:

"(2) A guaranty contract issued by a guaranty contract insurer shall be filed with the director by the insurer within 30 days after workers' compensation

compensation insurance. Quadel's original coverage became effective when its application for insurance, together with any fees or premiums, were received and accepted by SAIF in 1984. ORS 656.419(3). It could have elected coverage for its officers at that time, but it chose not to. If it had, SAIF's contract would have included a statement that Luckman was covered "by reason of an election to be covered." ORS 656.419(2)(d).

SAIF contends that, in order to obtain coverage for Luckman, Quadel had to file a separate application. However, ORS 656.039(1) does not require an *application* to SAIF for coverage of officers; it requires only the filing of a *notice of an election* of coverage. Where, as here, there is an existing contract of insurance, the statutes do not appear to contemplate that the election of coverage must be "accepted" by the insurer, as is the case with an original application for insurance. ORS 656.419(3). It appears that the unilateral act of giving notice of election of coverage is all that is required.

Quadel's signing and filing the 801 form relating to Luckman's 1985 injury, which indicated that Luckman was a corporate officer and that there was no reason to doubt the validity of the claim, coupled with Quadel's having paid, from the outset, premiums on behalf of Luckman, *see* ORS 656.419(3), constituted sufficient notice to SAIF of Quadel's election of coverage for Luckman. We are aware of no basis on which SAIF could have refused coverage. We therefore affirm the Board's decision that Luckman was a subject worker and that SAIF is required to provide coverage.

Affirmed.

---

coverage of the employer is effective. The filing shall be in such form and manner as the director may prescribe. A guaranty contract shall contain:

"* * * * *

"(d) A specific statement that a named sole proprietor, partner or corporate officer is covered by the contract by reason of an election to be covered, if such is the case, and, if coverage extends to any other person by reason of an election of the employer of the person, a statement of that fact * * *

"* * * * *

"(3) Workers' compensation coverage is effective when the application of the subject employer for coverage together with any required fees or premium are received and accepted by an authorized representative of an insurer."